IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JONSON OMAR SANCHEZ RAMIREZ,
*Petitioner*,

v.

JEFF CRAWFORD, *et al.*,
*Respondents*.

1:26-cv-02018-MSN-WEF

<u>ORDER</u>

Jonson Omar Sanchez Ramirez ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates a ruling by the Central District of California in *Maldonado Bautista v. Noem*, 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (Count I); the Immigration and Nationality Act ("INA") and its regulations (Count II); and his due process rights (Count III).[1]

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. In response to the Court's Order of July 8, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 9.

---

[1] Petitioner filed a Motion for Issuance of an Order to Show Cause (ECF 4) after this Court had already ordered Federal Respondents to file a response to his Petition (*see* ECF 2). The Court will, therefore, deny Petitioner's Motion for Issuance of an Order to Show Cause as moot.

Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count III.[2]

## I.   BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection "as a young child." ECF 1 ¶ 29. He attended school in the U.S. and is now engaged to be married to a U.S. citizen. *Id.* ¶ 1. At some point, Petitioner was arrested and transferred to the Farmville Detention Center where he is currently detained pending removal proceedings. *Id.* ¶¶ 19, 30. DHS has denied Petitioner release on bond while his removal proceedings are pending. *Id.* ¶ 8. On June 25, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). ECF 9 at 1 n.1. The IJ concluded that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b), consistent with the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and denied his request for bond. ECF 9 at 1 n.1.

## II.   ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a).[3] Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the

---

[2]     Because the Court grants the Petition as to Count III, it need not address Petitioner's other claims.

[3]     Federal Respondents note that, as an "alternative finding," the IJ concluded that Petitioner was subject to mandatory detention under 8 U.S.C. §§ 1226(c)(1)(E) and (c)(4) because of his criminal history. ECF 9 at 2 n.1. But neither Petitioner nor Federal Respondents have provided the Court with any information about Petitioner's criminal history. And, more importantly, Federal Respondents "do **not** take the position that Petitioner is subject to mandatory detention under § 1226(c)." *Id.* (emphasis in original). Because Federal Respondents have expressly waived any argument that Petitioner is subject to mandatory detention under § 1226(c), they will be enjoined from denying Petitioner bond on that basis.

contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL

---

[4]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

2371588, at \*8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at \*2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for a number of years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at \*8–10, violates his right to due process.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address which he must provide to the Federal Respondents.[5] Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

---

[5] If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of his fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

ORDERED that Petitioner's Motion for Issuance of Order to Show Cause (ECF 4) is DENIED as moot.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

July 16, 2026
Alexandria, Virginia

5